IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CARAUSTAR INDUSTRIES, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FACTORY MUTUAL INSURANCE )<br>COMPANY, )<br>)<br>Defendant. ) | Civil Action<br><br>File No. 1:10-0006-JOF |

## CARAUSTAR INDUSTRIES, INC.'S ANSWER TO DEFENDANT'S COUNTERCLAIM

**COMES NOW** Plaintiff, Caraustar Industries, Inc. ("Caraustar"), and files it's Answer to the Counterclaim filed by Defendant Factory Mutual Insurance Company ("Factory Mutual"), and shows the Court as follows:

### FIRST DEFENSE

Factory Mutual's Counterclaim should be dismissed for failure to state a claim on which relief may be granted.

### SECOND DEFENSE

Some or all of the claims asserted in Factory Mutual's Counterclaim may be barred by waiver.

WCSR 4301623v1

### THIRD DEFENSE

The Policy at issue expressly and broadly covers Caraustar property against "ALL RISKS OF PHYSICAL LOSS OR DAMAGE," to the extent not excluded in the policy.  Rather than exclude coverage for flood loss, Factory Mutual's Policy expressly provides that "This Policy covers physical loss or damage caused by or resulting from Flood."  While Factory Mutual claims such coverage is excluded for the flood loss at issue, the purported exclusionary language it relies on, (found in a Schedule of Locations that is attached in an appendix to the Policy), is grammatically incomplete, and does not clearly and unambiguously exclude coverage for flood loss.  Such ambiguous language must be construed against Factory Mutual and in favor of coverage under well settled law.

### FOURTH DEFENSE

The Insurance Policy at issue should not be rewritten after the fact to take away coverage for a flood loss that is expressly provided in the Policy under its broad promissory terms.

### FIFTH DEFENSE

There is no mistake of law at issue in this case that is relievable in equity.

### SIXTH DEFENSE

Factory Mutual's claim for reformation is barred by latches.

## SEVENTH DEFENSE

Factory Mutual's claim for reformation is barred by negligence.

## EIGHTH DEFENSE

Factory Mutual's claim for reformation is barred by estoppel.

## NINTH DEFENSE

For its Ninth Defense, Caraustar answers the numbered paragraphs of Factory Mutual's Counterclaim as follows.

1.

Caraustar admits on information and belief that Factory Mutual is a Rhode Island corporation. Caraustar is without sufficient information to form a belief concerning the remaining allegations in this paragraph of the Counterclaim. These allegations are therefore denied accordingly.

2.

Admitted.

3.

Caraustar is without sufficient information to form a belief concerning the allegations in this paragraph of the Counterclaim. These allegations are therefore denied accordingly.

4.

Caraustar denies that it has operations in over one hundred locations. The remaining allegations of this paragraph are admitted.

5.

Admitted.

6.

Caraustar admits that, prior to the 2001 to 2002 policy year, the Austell Boiler, Mill 1, and Mill 2 locations were all included within the same single Insured Location for insurance purposes.

7.

Caraustar admits that, in the 2001 to 2002 policy year, the Austell Boiler, Mill 1, and Mill 2 locations were separated out and listed as separate Insured Locations on the Schedule of Locations. Caraustar's investigation is ongoing and it is without sufficient information to form a belief concerning the remaining allegations in this paragraph of the Counterclaim. These allegations are therefore denied accordingly.

8.

Denied.

9.

Denied.

10.

Denied.

11.

Caraustar responds to these allegations by stating that the terms and conditions of the Policy are set forth therein and speak for themselves. Except as so stated, these allegations are denied.

12.

Caraustar responds to these allegations by stating that the terms and conditions of the Policy are set forth therein and speak for themselves. Except as so stated, these allegations are denied.

13.

Denied.

14.

Caraustar admits that Factory Mutual issued Policy Number XG695 to Caraustar on or about May 28, 2009. The terms and conditions of this Policy are set forth therein and speak for themselves.

15.

Denied.

16.

Caraustar admits that, on or about September 21, 2009, Caraustar suffered a multi-million dollar flood loss at its Austell Complex, which includes, but is not limited to, the Austell Boiler, Mill 1, and Mill 2 Insured Locations.  Caraustar admits that it promptly notified Factory Mutual of the flood loss at its Insured Locations and requested coverage for the loss under the Factory Mutual Policy.

17.

Caraustar responds to these allegations by stating that the terms and conditions of the Policy are set forth therein and speak for themselves.  Except as so stated, these allegations are denied.

18.

Caraustar responds to these allegations by stating that the terms and conditions of the Policy are set forth therein and speak for themselves.  Except as so stated, these allegations are denied.

19.

Caraustar responds to these allegations by stating that the terms and conditions of the Policy are set forth therein and speak for themselves.  Except as so stated, these allegations are denied.

20.

Caraustar admits that Factory Mutual denied Caraustar's claim on the grounds that certain ambiguous language set forth in a Schedule of Locations attached to the Policy purportedly excluded coverage for flood damage at the Insured Locations at issue.  Caraustar denies that the Policy excludes coverage for flood damage at the locations at issue.  The purported exclusionary language relied on by Factory Mutual is at best ambiguous, and must be construed in favor of coverage under Georgia law.

21.

Caraustar incorporates by reference its responses to the preceding paragraphs of the Counterclaim.

22.

Denied.  By way of further response, Caraustar notes that the Policy expressly and broadly covers Caraustar property against "ALL RISKS OF PHYSICAL LOSS OR DAMAGE," to the extent not excluded in the policy.  Rather than being excluded from the phrase "ALL RISKS OF PHYSICAL LOSS OR DAMAGE," flood loss is expressly included in the Policy as one of the risks covered.  See Factory Mutual Policy, page 19 ("This Policy covers physical loss or damage caused by or resulting from Flood.").

23.

Denied.

24.

Denied.

25.

Denied.

26.

Denied.

27.

Caraustar denies that Factory Mutual is entitled to declaratory judgment.

28.

Caraustar denies that Factory Mutual is entitled to declaratory judgment.

29.

Caraustar incorporates by reference its responses to the preceding paragraphs of the Counterclaim.

30.

Denied. As noted in Factory Mutual's Answer to Caraustar's Complaint, the terms and conditions of the Policy are stated therein and speak for themselves. If Factory Mutual had intended to exclude coverage for the type of flood loss at issue,

it knew how to effectively express that intention in the language of the Policy. It did not do so.

31.

Denied.

32.

Denied.

33.

Denied.

34.

Denied.

35.

Denied.

36.

Caraustar denies that a mutual mistake of law relievable in equity is at issue in this case, or that the Policy should be rewritten to exclude coverage for flood loss after the fact.

37.

Caraustar denies that a mutual mistake of law relievable in equity is at issue in this case, or that the Policy should be rewritten to exclude coverage for flood loss after the fact.

38.

Denied.

39.

Any allegation of the Counterclaim not expressly admitted or denied above, is hereby denied.

**WHEREFORE**, in addition to the relief prayed for in Caraustar's Complaint, Caraustar also prays that Factory Mutual's Counterclaim be dismissed, and that Caraustar be awarded a judgment for expenses of litigation, including attorneys' fees, together with such other relief as is just under the circumstances of this case.

Respectfully submitted, this 1st day of February, 2010.

WOMBLE CARLYLE SANDRIDGE & RICE, PLLC

By: /s/ Joel G. Pieper
  Joel G. Pieper
271 17th Street, N.W.  State Bar No. 578385
Suite 2400
Atlanta, GA 30363-1017  **Attorneys for Caraustar Industries, Inc.**
(404) 888-7435 direct phone
(404) 870-4831 direct fax
jpieper@wcsr.com

## CERTIFICATE OF TYPE SIZE AND STYLE

Counsel for Caraustar Industries, Inc. hereby certifies that the size and style of type used in the foregoing document is Times New Roman: 14 point.

                                         WOMBLE CARLYLE SANDRIDGE & RICE, PLLC

                                         By:   /s/  Joel G. Pieper
                                              Joel G. Pieper

271 17th Street, N.W.        State Bar No. 578385
Suite 2400
Atlanta, GA  30363-1017    **Attorneys for Caraustar Industries, Inc.**
(404) 888-7435 direct phone
(404) 870-4831 direct fax
jpieper@wcsr.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 1, 2010, a true and correct copy of the within and foregoing **CARAUSTAR INDUSTRIES, INC.'S ANSWER TO DEFENDANT'S COUNTERCLAIM** was electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

>William H. Stanhope, Esq.
>Heidi H. Raschke, Esq.
>ATTORNEYS FOR DEFENDANT
>Robins Kaplan Miller & Ciresi LLP
>2600 One Atlanta Plaza
>950 East Paces Ferry Road, N.E.
>Atlanta, GA 30326-1119

This 1st day of February, 2010.

>>    /s/  Joel G. Pieper
>>Joel G. Pieper
>>State Bar No. 578385

WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
271 17th Street, N.W.
Suite 2400
Atlanta, GA  30363-1017
(404) 888-7435 direct phone
(404) 870-4831 direct fax
jpieper@wcsr.com